## ELIZA A. HARRIS *vs.* THE RHODE ISLAND HOSPITAL TRUST COMPANY.

The rule established by courts of equity that a bequest by a debtor to his creditor of a legacy equal to, or exceeding the amount of his debt, will be presumed, in the absence of any intimation of a contrary intention, to be meant by the testator as a satisfaction of the debt, is, though well established, not favored, and slight circumstances will avail to take cases out of the operation of the rule.

An annuity given to a creditor is not within the rule, although it may be greater in value than the debt. A direction in a will for the payment of the testator's debts generally, is held to afford an inference against the operation of the rule.

C. H. held certain shares of stock in five several banks as trustee for his wife, E. H., which shares, at his decease, stood in his own name on the books of said banks. By his will he devised to his said wife shares of stock in the same five banks, equal in each case to the number of shares which he held as her trustee. In one of the banks, stock in which he so devised to her, he had no other stock than what he so held as her trustee. He also gave her $2,000 per annum so long as she remained unmarried, and declared that these provisions were made and intended to be in lieu of her dower in his real estate. *Held*, that this declaration showed that the gift was not intended to be in satisfaction of the trust, but of the right of dower only, and that E. H. was entitled to receive the shares so specifically bequeathed her, in addition to those held in trust for her by the said C. H.

BILL IN EQUITY, brought by the widow of Caleb Harris deceased, against the Rhode Island Hospital Trust Company, who were the executors of her late husband's will, by which she received a certain legacy in lieu of her dower. The bill was filed to obtain from the respondents as such executors, in addition to her legacy, a transfer of certain stocks which she received from her father's estate in 1855, and transferred without consideration to her husband, who subsequently kept an account with her as her trustee, crediting her yearly with the dividends from these stocks, as well as with the dividends from others which he purchased from the surplus revenue of the original stocks. The material facts of the case, including the provisions of the will, are stated in the opinion of the court.

*Bradley*, for complainant. It is clear, and it is not disputed,

that the shares of stock in question, under Rev. Stat. chap. 136, § 1, which were given to Mrs. Harris by her father, were her property absolutely upon the decease of her husband; and that, the stock having been placed in his name, as she says in her testimony, merely for facility in collecting dividends, and as his books in evidence show, always treated by him as her property, he crediting her in account with the dividends and charging her account with the purchase money of additional shares, he was the trustee of that stock for her benefit. The stock, therefore, belonged absolutely to her upon his decease, and the court will order a transfer accordingly.

1st. The intention of the testator can be judicially ascertained only from the language of the will interpreted in the light of the surrounding circumstances. Any inferences as to that intention, from other general sources, substitute witnesses in court for the testator. *Arcularius* v. *Geisenhainer*, 3 Brad. Sur. 65; *Fowler* v. *Fowler*, 3 P. Wms. 353; Redfield on Wills, part ii. 515 *et seq.*; *Clark* v. *Sewell*, 3 Atk. 96; *Haynes* v. *Mico*, 1 Bro. C. C. 131.

2d. The inference of courts of equity, that a legacy to a creditor for the same amount as his debt is a satisfaction thereof, is contrary to natural reason, which imports a gift in the provisions of a will, and is so much disapproved by jurists and judges that it hardly exists in the present administration of the law. The inference must have some other foundation. Redfield on Wills, part ii. 575 *et seq.*; English & American notes on *Chancey's case*, in 2 Leading Cases in Equity, p. 338; *Smith* v. *Smith*, 1 Allen, 130; 2 Story's Equity Juris. § 1122; *Byrne* v. *Byrne*, 3 S. & R. 60.

3d. At all events such inference has never been drawn, where the bequest is less than the debt. *Strong* v. *Williams*, 12 Mass. 391; Redfield, part ii. 518; *Williams* v. *Crary*, 4 Wend. 449; *Parker* v. *Coburn*, 10 Allen, 84; *Tolson* v. *Collins*, 4 Vesey, 491; *Hunchcliffe* v. *Hunchcliffe*, 3 Vesey, 530. Such is the fact in this case, the indebtedness being $2,399 in excess of legacy.

4th. No case can be found where such inference has been made, and indeed there is no room for inference or construction where the will expressly declares that the purpose of the bequest is other than the payment of the debt. This purpose is sufficiently

expressed by another direction for the payment of debts. *Rich-ardson* v. *Greene*, 3 Atk. 65 ; *Jefferies* v. *Mitchell*, 20 Beav. 15 ; *Cloud* v. *Clinkenbeard*, 8 B. Monr. 397 ; *Eastwood* v. *Vinke*, 2 P. Wms. 614 ; Redfield on Wills, part ii. p. 518 ; *Mathews* v. *Mathews*, 2 Ves. Sr. 635 ; *Drewe* v. *Bidgood*, 2 Sim. & S. 533 ; *Richardson* v. *Elphistone*, 2 Ves. Jr. 464.

5th. In no instance has this presumption been applied to the case of an implied trust.

*Rogers*, for the respondents. The plaintiff claims exactly double the amount of stock given her under her husband's will. She claims the amount specified in the will as given to her, once as a legatee under the will, and again as a creditor, so to speak, contending that it is her stock, her husband holding it only in trust for her. If she claims as a creditor in any manner, the rule of law laid down in all text books on the subject is as follows : " It is a rule established in the courts of equity that where a debtor bequeaths to his creditor a legacy equal to, or exceeding the amount of his debt, it shall be presumed, in the absence of any intimation of a contrary intention, that the legacy was meant by the testator as a satisfaction of the debt." 2 Williams on Executors, 1167 ; 2 Roper on Legacies, chap. 17, § 3 ; Redfield on Wills, part ii. chap. 13, § 10 ; 2 Lead. Cas. in Eq. 318, notes to *Chancey's case.*

The clause ordering the testator's just debts, &c., to be paid, does not rebut the presumption of the rule. 2 Lead. Cas. in Eq. 340 ; *Rowe* v. *Rowe*, 2 De G. & Sm. 297, 298. Neither does the clause of the will declaring its provisions for his wife to be in lieu of dower. 2 Lead. Cas. in Eq. 343 ; *Plunkett* v. *Lewis*, 3 Hare, 323.

As Mrs. Harris's age renders it highly improbable that she will marry again, as the testator has given her till marriage *all* his real estate, and an annuity of $2,000 ; and in addition, the furniture, plate, books, pictures, and family stores outright, the clause in lieu of dower does not rebut the presumption of satisfaction. Indeed, such ample provision for his widow would rather fortify it, for Mrs. Harris has no children to leave her property to, — no one nearer than collateral branches, — and besides has property of her own.

Again, the marked coincidence of the amount of stock in *five*

different corporations, given Mrs. Harris by her husband's will, with that alleged to be held in trust by him, is overwhelming evidence fortifying the presumption of satisfaction. Had the coincidence existed as to the stock in one corporation merely, it might have been reasonably attributed to chance ; but such a coincidence in *five* different corporations shows studied design and a settled purpose ; and it will be observed that this stock is not given her so long as she remains unmarried, but outright and absolutely.

The bill states that twenty shares is all the testator owns in the Westminster Bank, and it is admitted that it is all that he ever owned in said bank. If Mrs. Harris is entitled to twenty shares in said bank, as a debt, or as being held in trust for her, there will be no Westminster Bank stock with which to pay the legacy. This fact fortifies the presumption of satisfaction of Mrs. Harris's claim by the legacy, for it is not to be presumed that the testator would deliberately give away what, according to the statement of the bill, never belonged to him.

Again, Mrs. Harris claims thirty shares of the National Weybosset Bank stock as a debt, or as being held in trust for her, and thirty additional shares as a legacy. The will, however, disposes of one hundred and ten shares in said bank, besides the thirty shares bequeathed to Mrs. Harris ; and the bill alleges that he owned but one hundred and forty shares of said stock, that being just the amount precisely bequeathed. If the defendant is trustee for Mrs. Harris of thirty shares of said stock, and the legacy to her is no satisfaction of her claim, there are but one hundred and ten shares left to pay one hundred and forty shares bequeathed in express terms, and an abatement of legacies must take place. This is another circumstance very strongly fortifying the presumption that the legacy of stock to Mrs. Harris was intended by the testator to be in satisfaction of her claim.

It is not clear from the books whether the principle of satisfaction of a debt by a legacy of like or greater amount applies to a claim for, and a legacy of, specific articles of like character, as in the case at bar, or is limited to pecuniary legacies. But however that may be, the intention of the testator that the legacy of stock should be in satisfaction of his wife's cláim as set forth in her bill, is clearly indicated by all the surrounding cir-

cumstances, or, to use the words of Lord Hatherley, " upon the whole case."

BRAYTON, C. J.   From the proof it appears that the complainant in 1855 received from her father's estate, and under the provisions of his will, 14 shares in the Boston and Worcester Railroad, 250 shares in the Phenix National Bank, in New York, and 50 shares of the National Bank of Commerce, New York, which were transferred to her, and became her separate estate ; that these were afterwards, in 1862, transferred to her husband, the testator, for convenience of management, and to be held in trust for her ; that he had before this received the dividends on these stocks and kept an account of the receipts.   This account was thenceforth to the time of his death continued, from which account it appears that he, after paying over to her such moneys as she called for, invested the surplus moneys from time to time in other stocks, and did purchase for her 30 shares of the Weybosset Bank, Providence ; 20 shares of the Westminster Bank, Providence ; and continued to receive the incomes and dividends of the stock thus purchased, and credited her therewith.   Thus he assumed, and was understood, to act for her as the trustee of her separate estate to the time of his death, and as the accounts show, there remained in his hands at the time of his death the sum of $2,399, of moneys received in the course of the trust and not paid over nor invested.

It is quite clear from the proofs that all the specific property thus originally received, and all such as was purchased with the accumulated dividends and incomes, were rightfully the property of the complainant, and upon the death of her husband, had he died intestate, she would have had a right to claim the transfer to her specifically of all such specific property, and to be paid the balance of the trust moneys as shown by the balance of said accounts.   The allegations of the bill in this regard are fully sustained by the proof.

Of the property held in trust at the time of the testator's death, as appears from the evidence and the accounts, the greater part, but not the whole, consisted of the following stock, viz. : 250 shares in the Phenix National Bank, New York ; 50 shares in the National Bank of Commerce, New York ; 30 shares in the Weybosset National Bank, in Providence ; 20 shares in the West-

minster Bank, in Providence; and 19 shares in the Boston and Albany Railroad Company.

The testator in and by his last will and testament gave and bequeathed to his wife, the complainant, beside the real estate therein devised, certain stocks, viz. : 50 shares of the capital stock of the National Bank of Commerce, in the city of New York; 250 shares in the Phenix National Bank, in said city; 30 shares of the Weybosset National Bank, Providence; 20 shares in the Westminster Bank, in Providence; and 19 shares in the Boston and Albany Railroad Company, and also an annuity of $200 per annum, so long as she should remain unmarried, payable semi-annually; and these provisions were declared to be made, and intended to be, in lieu of her dower in his real estate.

The testator held in the Phenix National Bank, New York, beside the 250 shares held in trust, 250 other shares in his own right; in the National Bank of Commerce, New York, beside the 50 shares held in trust, 173 other shares in his own right; in the Weybosset National Bank, beside the 30 shares held in trust, 110 other shares in his own right. In the Westminster Bank, in Providence, he held in his own name 20 shares only, and those held in trust. In the Boston and Albany Railroad Company, besides the 19 shares held in trust, he had in his own right 68 shares.

The complainant claims that she is entitled to a transfer of all the specific stock held by her said husband in trust, unaffected by the provision in his will and independent of it, and is also entitled to claim under said will, viz. : 250 other shares in the said Phenix National Bank; 50 other shares in said National Bank of Commerce; 30 other shares in said Weybosset National Bank; 20 other shares in said Westminster Bank; and 19 other shares in the said Boston and Albany Railroad Company, as bequeathed to her in said will.

The respondents, on the contrary, contend that she can claim of right only the shares of stock given her by the will, and they argue that as to the trust property, she is to be treated as a creditor, and the gift of like stocks as those held in trust must be regarded as in payment and satisfaction of those held in trust, and in discharge of the testator's liability to transfer the trust property.

Satisfaction may be defined to be the donation of a thing with the intention that it should be taken either wholly or in part in extinguishment of some prior claim of the donee. When intention is expressly declared that the gift shall be in satisfaction, the donee must waive the original claim, or the gift. He cannot have both. *Chancey's case*, 2 White & T. Lead. Cas. *321. It must be equally true that if it be expressly declared that it is not to be in satisfaction, the donee may demand both, and the intent is not open to question. So, also, it would seem if the intent of the gift be expressed, and that intent be other than the satisfaction of the prior claim of the donee in question, it must be necessarily implied that such claims were not intended to be satisfied.

It is only when the intent of the gift is not expressed that the question of satisfaction can arise, and in such case if the donee and testator stand in the relation of debtor and creditor, a presumption arises, from the fact of such relation, that the gift was not intended as a bounty but in discharge of the debt, and the respondent refers us to the general rule governing in equity, and thus expressed: " Where a debtor bequeaths to his creditor a legacy equal to, or exceeding the amount of the debt, it shall be presumed, in the absence of any intimation, that the legacy was meant by the testator as a satisfaction of the debt." The rule in its terms applies to debts, pecuniary obligations, and would apply to moneys held in trust, which the trustee was bound to pay over, and the case cited, *Chancey's case*, 2 White & T. Lead. Cas. *318, and the cases there cited, apply the rule to pecuniary obligations, and no case has been cited of a gift of specific personal property applied in extinguishment of a debt, or other obligation, or of a pecuniary legacy in satisfaction for specific personal property.

Applying, however, the rule established by the cases, the respondent's position is not sustained by the cases. The rule, though well established, is not favored, and slight circumstances are seized upon to take the cases out of the operation of the rule. The rule does not apply where the legacy is less than the debt, and in such case the legacy will not go in satisfaction even *pro tanto*. There was a cash balance in the testator's hands beside the stock given.

An annuity given to a creditor is not within the rule, though it may be greater in value than the debt. A direction in the will for the payment of the testator's debts generally is held to afford an inference against the operation of the rule, and against the presumed intent to give in satisfaction. There is such a provision in this will. But there is in the will of the testator something more controlling in its nature than mere implication. He expressed in language clear and unequivocal what his intent was in making the gifts, when he says: " I hereby declare that the above provisions for my wife are made and intended to be in lieu of her dower, or right of dower to my real estate." This expression of intent takes it out of the rule altogether. The gifts were not intended to be in satisfaction of the trust in whole or in part, but of the right of dower only.

Had there been no expression of his intent by the testator, it might well have been urged in support of the legal presumption under the rule, that the stocks given were stocks in the same corporations, of the same amount, as those held in trust, and that in five corporations ; and that in one of the banks the testator had no stock in his own name, except that held in trust, and thence to argue that the testator intended to restore to his wife all the specific property in trust, and no more. But it is of no force against the expressed intention of the testator that the gifts were for another purpose. There is no ambiguity in the language, to be explained by these or other circumstances.

*Decree for transfer as prayed for.*